UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GUIDEONE ELITE INSURANCE COMPANY,

                       Plaintiff,

vs.

CONGREGATION YETEV LEV D'SATMAR, INC.,
MARTIN WEISSMAN and ESTHER WEISSMAN,

                       Defendants.

**AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Civ. No.: 1:09-CV-261-BMC

---

STATE OF INDIANA    )
COUNTY OF MARION    ) ss.:
CITY OF INDIANAPOLIS  )

ALAN K. DOEGE, being duly sworn, deposes and says:

1. I am a Senior Claim Specialist with GUIDEONE ELITE INSURANCE COMPANY (GUIDEONE) and am assigned to the responsibility for the file discussed in this affidavit and as such am fully familiar with the facts and circumstances herein.

2. This affidavit is made and submitted in support of GUIDEONE's motion for summary judgment pursuant to Fed. R. Civ. P. 56 and is made upon my personal review of the GUIDEONE files that are kept in the ordinary course of GUIDEONE'S business and from my personal involvement in the matter and, as indicated in certain instances, upon information and belief.

### THE UNDERLYING ACTION

3. According to the pleadings in an action commenced by MARTIN and ESTHER WEISSMAN against CONGREGATION YETEV LEV'D'SATMAR, INC ("CYL"), CYL owned and/or operated or managed property located at 150 Rodney Street

in the County of Kings and State of New York ("PREMISES").

4. It is claimed that on or about November 19, 2005, WEISSMAN sustained injury when he fell from a platform located on the PREMISES ("WEISSMAN ACCIDENT").

5. Upon information and belief, on or about February 20, 2008, an action was commenced by MARTIN and ESTHER WEISSMAN ("WEISSMANS") against CYL in New York State Supreme Court, County of Kings, under Index No 5374/08 ("WEISSMAN ACTION"). The underlying Summons and Verified Complaint in the WEISSMAN ACTION are attached hereto and made a part hereof as **Exhibit "A."**

6. It is alleged in the WEISSMAN ACTION that as a result of negligence on the part of CYL, WEISSMAN sustained bodily injury and MRS. WEISSMAN sustained loss of her husband's service, society and companionship.

7. I have recently learned that a previous lawsuit was commenced by the WEISSMANS against CYL in the Supreme Court, County of Kings, alleging injuries arising from the WEISSMAN ACCIDENT, on or about April 5, 2006 ("2006 ACTION").

## THE GUIDEONE POLICY

8. GUIDEONE issued Policy MGL 1231-154 to CYL effective from January 7, 2005 to January 7, 2006. A certified copy of the policy is annexed hereto as **Exhibit "B"** ("POLICY").

9. The POLICY contained the following conditions of coverage:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS:**

**2. Duties in the Event of Occurrence, Offense, Claim or Suit.**

a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

   (1) How, when and where the "occurrence" or offense took place;
   (2) The names and addresses of any injured persons and witnesses; and
   (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

b. If a claim is made or "suit" is brought against any insured, you must:

   (1) Immediately record the specifics of the claim or "suit" and the date received; and
   (2) Notify us as soon as practicable.

   You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c. You and any other involved insured must:

   (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
   (2) Authorize us to obtain records and other information;
   (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
   (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**TENDER**

10. On November 13, 2008, CYL, through its agents and employees, notified GUIDEONE of the WEISSMAN ACCIDENT and the WEISSMAN ACTION by sending GUIDEONE a copy of the Summons and Complaint in the WEISSMAN ACTION and requesting defense and indemnity under the POLICY.

11. The November 13, 2008 notice was the first notice to GUIDEONE of the November 19, 2005 WEISSMAN ACCIDENT, the claim and WEISSMAN

ACTION or in fact of any lawsuit commenced against CYL with relationship to the WEISSMAN ACCIDENT.

12. I thereafter secured copies of records maintained by the New York County Clerk's office and learned that the same law firm, on behalf of the WEISSMANS, had commenced an action against CYL in April 2006, had served CYL with process and served them with an application for a default judgment. See attached hereto **Exhibit "C"**. The Court records indicated that the application for the default judgment was denied, without prejudice to renew. Apparently that action was abandoned and the 2008 lawsuit commenced.

13. It was clear, however, that both the WEISSMANS and their counsel had made claim against CYL as early as 2006 with relationship to the WEISSMAN ACCIDENT.

14. GUIDEONE was never put on notice of the 2006 lawsuit, but learned of it after being placed on notice of the 2008 action.

15. Since the 2008 notice was almost three years after the WEISSMAN ACCIDENT, and nine months after the commencement of the WEISSMAN ACTION, GUIDEONE conducted an initial investigation to determine whether or not there had been a breach of the POLICY condition requiring prompt notice of an *occurrence,* claim or suit.

16. On December 15, 2008, GUIDEONE learned that CYL knew of the WEISSMAN ACCIDENT and WEISSMAN ACTION years before CYL first notified GUIDEONE of the WEISSMAN ACCIDENT, claim and WEISSMAN ACTION.

17.  Accordingly, on January 15, 2009, GUIDEONE issued a disclaimer and denial of coverage (**"Exhibit D"**) to its insured, CYL, with copies sent to the WEISSMANS lawyers, Julian & Schlesinger, P.C., denying coverage based on late notice by both CYL and the WEISSMANS.

18.  It is respectfully submitted that Summary Judgment in this action should be granted to GUIDEONE.

_____
ALAN K. DOEGE

Subscribed and sworn to before me this  25  day of March, 2009.

_____
Notary Public