UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────────────

GUIDEONE ELITE INSURANCE COMPANY,

                  Plaintiff,      **REPLY AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

vs.

CONGREGATION YETEV LEV D'SATMAR, INC.,
MARTIN WEISSMAN and ESTHER WEISSMAN,    Civ. No.: 1:09-CV-261-BMC

                  Defendants.
───────────────────────────────────────────────

STATE OF NEW YORK   )
COUNTY OF ERIE       )ss:

      DAN D. KOHANE. ESQ., being duly sworn, deposes and says:

      1.     I am an attorney at law dully licensed to practice in the State of New York and in the Federal Court of the Eastern District of New York, and am a member of HURWITZ & FINE, P.C., attorneys for the plaintiff, GUIDEONE ELITE INSURANCE COMPANY ("GUIDEONE"), in the above-entitled action. As such, I am fully familiar with the facts and circumstances set forth herein, and submit this affidavit upon my own personal knowledge.

      2.     This Reply Affidavit is submitted in further support of GUIDEONE's motion for summary judgment pursuant to Fed. R. Civ. P. 56. This Reply Affidavit is also submitted in reply to defendants', MARTIN WEISSMAN and ESTHER WEISSMAN ("WEISSMANS"), assertion that GUIDEONE failed to give written notice of disclaimer as soon as possible and that its motion should therefore be denied. ~~That assertion is without merit.~~

      3.     ~~As a threshold matter, GUIDEONE respectfully submits that WEISSMANS allegation, raised for the first time in their memorandum of law, that~~

GUIDEONE failed to give written notice as soon as reasonably possible of its determination to disclaim liability and deny coverage, is not before this Court as WEISSMANS never asserted this as an affirmative defense in their answer. Therefore, GUIDEONE respectfully requests that this Court disregard, and indeed dismiss, this newly asserted claim.

4. However, even if this Court were to consider WEISSMANS assertion, raised only in their memorandum of law and by inference, through the use of the word "eventually" at page 3 of the Affidavit of Dina Horowitz, contrary to WEISSMANS allegation, GUIDEONE's disclaimer was timely as it was issued immediately upon completion of its active and ongoing investigation to determine CONGREGATION YETEV LEV D'SATMAR, INC.'s ("CYL"), entitlement to coverage. That investigation included:

- Confirmation of service of process;
- Extensive search of court documents;
- Interviews with and obtaining written statements from the insured; and
- Numerous telephone conversations with other legal professionals.

Only after obtaining the essential documents and information to reach a coverage determination that CYL was not entitled to coverage under the policy of insurance did GUIDEONE immediately issued its disclaimer.

5. As previously discussed in GUIDEONE's original moving papers as well as in the accompanying Reply Affidavit of Alan Doege, GUIDEONE's first notice of the incident of November 19, 2005, WEISSMANS claim, the first lawsuit commenced in April 2006, the default of September 2006, the second lawsuit of February 2008, or the default of November 10, 2008, was on November 13, 2008, when a

representative of CYL forwarded a copy of the Summons and Complaint in the 2008 lawsuit to GUIDEONE.

6. On or about December 15, 2008, after attempting to ascertain whether CYL had been served, and if so, when, GUIDEONE was finally advised by JULIEN & SCHLESINGER, P.C. ("SCHLESINGER"), that service was allegedly made on CYL on February 25, 2008. As such, December 15, 2008, was the first time that GUIDEONE learned that CYL had allegedly been served with process, although no affidavit of service was provided at that time.

7. At that point, GUIDEONE contacted Hurwitz & Fine, P.C. to investigate the issue of notice.

8. GUIDEONE also retained the services of FIRST JUDICIAL CLAIM SERVICE ("FIRST JUDICIAL"), in late November 2008, to meet with and obtain a statement from a "Michael Schlesinger", the person that GUIDEONE was advised was the contact person at CYL (coincidentally, both the contact person at CYL and WEISSMANS counsel are named Michael Schlesinger).

9. The assigned investigator first met with Mr. Schlesinger on November 28, 2008. However, the investigative report notes that Mr. Schlesinger cut that meeting short. He did not agree to meet again with FIRST JUDICIAL until December 23, 2008. It was not until January 9, 2009, that GUIDEONE and I received the report from First Judicial Claim Service with Mr. Schlesinger's written statement regarding CYL's notice of the incident and lawsuits.

10. In the interim, I conducted numerous searches on e-Law and learned that another action had been commenced by WEISSMANS in 2006, and that both

this 2008 action and the 2006 lawsuit were brought as a result of the same accident said to have occurred on November 19, 2005. I also learned that an application for a default judgment had been brought in September 2006, and was ultimately not granted apparently due to an issue concerning the affidavit of merit.

11. I also learned that an application for default had been filed in the 2008 action and mailed to Tenenbaum & Berger, LLP, who were listed on e-Law as counsel for CYL.

12. During the early part of January 2009, I contacted Tenenbaum & Berger and was directed to attorney Cohen, Esq. as the handling attorney. Mr. Cohen advised me that he was not with the firm in 2006, and did not know why the default was denied without prejudice. He further stated that he received a copy of the 2008 lawsuit but was informed by CYL that his firm no longer represented CYL. He confirmed that his firm did not answer or appear in any way in representation of CYL in the 2008 lawsuit.

13. As part of GUIDEONE's investigation into the issue of notice, I also attempted to contact attorney Jeffrey Kramer, Esq., who I was told represented CYL. When I was able to speak with Mr. Kramer in mid-January, he explained that while he did not represent CYL, he did request, on CYL's behalf, an adjournment of the inquest in the default which was originally scheduled for December 16, 2008.

14. Over several days I had several conversation with Attorney Kramer in which he professed to have no knowledge of the 2006 action. He stated that he could not provide any answers to the question CYL's notice. He did agree, however,

to speak with CYL concerning the issue and advise me of his efforts, although he stated that it was unlikely that he would have anything to report.

15. On January 15, 2009, exactly 30 days after learning that CYL had been served on February 25, 2008 with the suit commenced by WEISSMANS on February 20, 2008, GUIDEONE issued a letter disclaiming liability and denying coverage to CYL. Due to a clerical error, the date on the letter appears as January 15, 2008, rather than 2009.

16. Copies of GUIDEONE's disclaimer letter were sent to CYL, and WEISSMANS c/o SCHLESINGER. SCHLESINGER admits receiving said letter on or about January 15, 2009 (Affidavit of Dina Horowitz at p. 3). A courtesy copy was also sent to Jeffrey Kramer, Esq.

17. GUIDEONE's disclaimer of January 15, 2009, was not late and was issued as soon as reasonably possible. It is well established that the reasonableness of the timing in the issuing of a disclaimer must be determined from the time the insurer is aware of facts sufficient to disclaim.

18. GUIDEONE conducted an active and extensive investigation to ascertain the details of CYL's knowledge and notice of Martin Weissman's accident of November 19, 2005. It was reasonable to investigate to determine CYL's entitlement to coverage under the policy of insurance. Such investigation is, in fact, required prior to a issuing a coverage determination.

19. GUIDEONE's investigation included my efforts in the unearthing of significant legal documents among which were two separate lawsuits commenced by

WEISSMANS, as well as applications for default, granting of a Default Judgment Order and Inquest.

20. I personally had a very substantial number of telephone conversations with not only with a representative of the firm of Julien & Schlesinger, but also with the firm of Tenenbaum & Berger, and with Jeffrey Kramer, Esq., all in an attempt to clarify the circumstances surrounding CYL's knowledge of this matter.

21. Furthermore, GUIDEONE did not receive CYL's written statement regarding its notice of the incident from the investigative service retained by GUIDEONE until almost mid-January 2009. This was due only to the refusal of Mr. Schlesinger of CYL to complete the interview and written statement until the end of December 2008.

22. GUIDEONE's investigation was actively ongoing until the second week in January 2009. Its disclaimer was issued contemporaneously upon the completion of its investigation and therefore was timely, as a matter of law.

23. As such, WEISSMANS allegation that GUIDEONE did not give written notice of its determination to disclaim liability and deny coverage to CYL as soon as reasonably possible is absolutely groundless. As a matter of law, GuideOne's disclaimer was not late as it was issued contemporaneously upon the completion of its investigation.

24. For all the reasons discussed above, as well as those in the Affidavit of Alan Doege, sworn to on April 21, 2009, and all the papers originally submitted in support of this motion, we respectfully request that GUIDEONE ELITE INSURANCE COMPANY's motion for summary judgment, pursuant to Fed. R. Civ. P 56, be granted declaring that GUIDEONE is not obligated to defend or indemnify

~~CONGREGATION YETEV LEV D'SATMAR, INC.~~ in the action brought by MARTIN ~~WEISSMAN~~ and ESTHER WEISSMAN.

DATED: Buffalo, New York
April 22, 2009

HURWITZ & FINE, P.C.

/s/ Dan D. Kohane

_____
Dan D. Kohane
*Attorneys for Plaintiff,*
*GuideOne Elite Insurance Company*
1300 Liberty Building
Buffalo, New York 14202
(716) 849-8900