UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                                           :
GUIDEONE ELITE INSURANCE COMPANY,                          :
                                                           :
                    Plaintiff,                             :   **MEMORANDUM**
                                                           :   **DECISION AND ORDER**
        -against-                                          :
                                                           :   09 Civ. 0261(BMC)
CONGREGATION YETEV LEV D'SATMAR,                           :
INC., MARTIN WEISSMAN and ESTHER                           :
WEISSMAN,                                                  :
                                                           :
                    Defendants.                            :
                                                           :
---------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff insurance company ("Guideone") brings this declaratory judgment action seeking judicial approval of its decision to disclaim coverage. The disclaimer was based on lack of timely notice of the occurrence and the suit. Guideone's motion for summary judgment is granted.

I

There can be no dispute that the insured, defendant Congregation Yetev Lev D'Satmar, Inc. ("CYL"), failed to give timely notice of both the occurrence and the suit. The incident in which defendant Martin Weissman was injured occurred on November 19, 2005. The Weissmans' first lawsuit against CYL ("Weissman I") was commenced on April 5, 2006. CYL did not notify Guideone of the claim until November 13, 2008, nine months after the Weissmans had commenced a second, identical action on the same claim ("Weissman II"). Three years from the accident and two and half years from the commencement of the first litigation is too long a period under any view of New York insurance law. See Mark A. Varrichio and Assocs. v.

Chicago Ins. Co., 312 F.3d 544, 547 (2d Cir. 2002); Ogden v. Travelers Indem. Co., 924 F.2d 39 (2d Cir. 1991); Steinberg v. Hermitage Ins. Co., 26 A.D.3d 426, 809 N.Y.S.2d 569 (2d Dep't 2006). The Weissmans do not contend otherwise, and CYL has not appeared in this action. Notice by the insured was untimely.

## II

The Weissmans contend that even if CYL's notice to Guideone was untimely, the late notice is excused because of the diligence of their efforts in seeking to ascertain the identity of CYL's insurer. They rely on cases holding that because a plaintiff does not know a defendant's insurer, the plaintiff is entitled to a more lenient standard for giving notice if he can demonstrate reasonable diligence in attempting to identify the insurer. See N.Y. Ins. Law § 3420; Tower Ins. Co. of New York v. Lin Hsin Long Co., 50 A.D.3d 305, 855 N.Y.S.2d 75 (1st Dep't 2008) ("the injured party is required, in order to rely upon [Ins. Law § 3420], to demonstrate that he or she acted diligently in attempting to ascertain the identity of the insurer . . ." (quoting Steinberg, 26 A.D.3d at 428)).

Even under this more forgiving standard, the notice was untimely. The Weissmans took no action to identify CYL's insurer from the date of the accident on November 19, 2005 until January, 2007, a period of over 14 months. Only at that time did the Weissmans' attorneys begin calling CYL and inquiring as to the name of the insurer. A period of 14 months' delay, even for the victim as opposed to the insured, is untimely as a matter of law. See Steinberg, 26 A.D.3d at 428 (where injured party took no action for five months after accident to ascertain identity of insurer, notice was untimely as a matter of law).

Moreover, the Weissmans' efforts beginning in January, 2007 cannot be called diligent. The sum total of those efforts consisted of a series of telephone calls from a paralegal in the

2

Weissmans' attorneys' office to CYL, in which CYL continually deflected the question, and the Weissmans' attorneys undertook no effort to follow up through legal process. Indeed, unlike the Tower case, where the accident victim's attorney at least sent a letter to the insured requesting a prompt response from the insured's carrier, the Weissmans' attorneys here did not send even a single letter or fax. The Weissmans' paralegal avers that she called CYL "twenty to thirty" times, but after about a dozen calls, it should have been obvious to the Weissmans' attorneys that this was a fruitless endeavor, and that it was unlikely to make a difference if she called twenty more times or one hundred more times. Banging one's head against a brick wall does not constitute reasonable diligence.

Plaintiffs' attorneys who do not know the identity of a defendant's insurer do know two things. First, they know that there is a clock running and their client is at some risk if they rely on the insured alone to give notice. Second, they know that the CPLR requires the insured to disclose the carrier, see N.Y. CPLR § 3101(f), and that it also gives the plaintiff's attorneys a myriad of tools to identify the insurance company if the insured is not forthcoming. The attorneys can subpoena the policy and other policy-related documents; they can serve a demand for a bill of particulars or interrogatories; they can notice depositions; and they can move by Order to Show Cause for a speedy resolution if these devices are insufficient. See generally N.Y. CPLR Art. 31. In the most extreme cases where the insured is wholly uncooperative or in default, the attorneys can seek contempt, default judgment, and thereafter appointment of a receiver to ensure preservation of the insurance asset by seizing the insured's books and records. See N.Y. CPLR § 5228.

In addition to these generally available avenues, the Weissmans also missed an opportunity to obtain identification of CYL's insurance carrier. When the Weissmans moved for

a default judgment after CYL defaulted in Weissman I, attorneys then representing CYL appeared in January, 2007 and requested a stipulation withdrawing the motion and extending CYL's time to answer until March. The Weissmans and CYL, by its attorneys, executed that stipulation. The Weissmans could readily have conditioned the withdrawal of the default judgment motion on the identification of the insurance carrier. Indeed, the Weissmans' attorney was sufficiently perceptive to require a waiver of objections to service of process, but apparently did not consider demanding identification of the insurance carrier as an additional condition.

A plaintiff's attorney does not need to take all of the steps identified above to demonstrate reasonable diligence, and perhaps he does not need to engage in any of them if he is making other diligent efforts. But he has to do something, and here, besides a series of fruitless telephone calls starting 14 months after the accident, plaintiffs' counsel did nothing at all. No jury could find that the Weissmans acted reasonably.

### III

The Weissmans' final argument is that Guideone failed to issue a timely disclaimer by waiting 60 days from the date of receiving notice of the claim before issuing a disclaimer. First of all, Guideone is correct that the Weissmans have waived this claim. It is a classic avoidance defense that had to be asserted affirmatively in the Weissmans' answer, see Fed. R. Civ. P. 8(c) (defenses sounding in waiver must be affirmatively pled); cf. Burt Rigid Box, Inc. v. Travelers Property Cas. Corp., 302 F.3d 83, 95-96 (2d Cir. 2002) (insurer's failure to assert lack of timely notice as affirmative defense in its answer waived that defense), and it was not. The Weissmans have offered no explanation as to why they did not raise it, nor have they asked for leave to amend their answer to assert it. Raising it solely and for the first time in opposition to

4

Guideone's summary judgment motion suggests that they never thought of it until they were preparing their response to the motion.

This may be because the defense has no merit. The time Guideone took was reasonable considering the age of this claim. The usual burden of investigating a claim was multiplied here by two factors. First, the accident was three years old when Guideone received notice of it, a relatively ancient event in the notice of occurrence context, raising the possibility that the conditions that had caused it no longer existed, or had changed, and at least suggesting that notice of the claim was untimely. Second, Guideone did not have to just investigate Weissman II. It reviewed the files in state court and determined that the same claim between the same parties had been sued upon two years earlier. This had to lead to further inquiries, such as, why? That question, triggering at least a very careful review of Weissman I and comparing it to Weismann II, is still not answered on this record.

The Weissmans are in a particularly poor position to argue untimely notice of disclaimer by Guideone, and not simply because of the irony arising from their own failure to give timely notice of the claim. If Guideone had acted precipitously and made its coverage determination solely on the face of the complaint in Weissman II and the timing of its service, as the Weissmans may have hoped or expected, it might have never discovered Weissman I, which proved the untimeliness of the notice of claim, and Guideone would thereupon be stuck with the coverage. Only by its diligence in reviewing all the state court files did it discover Weissman I. "[D]elay occasioned by a 'reasonably prompt, thorough, and diligent investigation of the claim' does not render the insurer's disclaimer untimely, because an investigation is often necessary to determine whether there is any basis for disclaiming coverage." Webster v. Mount Vernon Fire Ins. Co., 368 F.3d 209, 216-17 (2d Cir. 2004) (quoting In re Prudential Property & Cas. Ins. Co.,

5

213 A.D.2d 408, 623 N.Y.S.2d 336, 336 (2d Dep't 1995)). Guideone's extra effort in discovering the true facts here validates its efforts; it does not render the disclaimer untimely.

## IV

Although the Court is granting Guideone's motion for the reasons set forth above, the Court is concerned about the circumstances giving rise to this case. The Clerk is directed to refrain from entering final judgment until the Court can convene a conference to address these concerns, which will be held on May 13, 2009 at 10:00 a.m. At that conference, the Weissmans are directed to appear through the attorney who was most responsible for making the decision to commence Weissman II.

**SO ORDERED.**

s/Brian M. Cogan
U.S.D.J.

Dated: Brooklyn, New York
May 6, 2009